UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PLASTERERS' AND CEMENT MASONS' :
LOCAL 40 PENSION FUND, through its :
TRUSTEES; PLASTERERS' AND CEMENT :
MASONS' LOCAL 40 ANNUITY FUND, through :
its TRUSTEES; PLASTERERS' AND CEMENT :
MASONS' LOCAL 40 HEALTH AND :
WELFARE FUND, through its TRUSTEES; :
PLASTERERS' AND CEMENT MASONS' :
LOCAL 40 APPRENTICESHIP FUND, through its :
TRUSTEES; and VALERIE CAMPANA, in her :
official capacity as Administrator of the Funds, :
:
    *Plaintiffs*, :
:
v. : C.A. No.
:
CHEROKEE CONSTRUCTION, INC. :
:
    *Defendant*. :
:

## COMPLAINT

This is an action to compel payment of unpaid contributions, interest, penalties, and attorneys' fees to a group of four multi-employer plans, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et. seq*.

### Parties and Jurisdiction

1.    Plaintiff Plasterers' and Cement Masons' Local 40 Pension Fund ("Local 40 Pension Fund") is a multiemployer employee benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(37). Local 40 Pension Fund's principal place of business is located at 200 Midway Road, Suite 177, Cranston, RI 02920.

2.    Plaintiff Plasterers' and Cement Masons' Local 40 Health and Welfare Fund ("Local 40 Health Plan") is a multiemployer employee benefit plan within the meaning of

1

ERISA, 29 U.S.C. §§ 1002(37). Local 40 Health Fund's principal place of business is located at 200 Midway Road, Suite 177, Cranston, RI 02920.

3. Plaintiff Plasterers' and Cement Masons' Local 40 Annuity Fund ("Local 40 Annuity Fund") is a multiemployer employee benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(37). Local 40 Annuity Fund's principal place of business is located at 200 Midway Road, Suite 177, Cranston, RI 02920.

4. Plaintiff Plasterers' and Cement Masons' Local 40 Apprenticeship Fund ("Local 40 Apprenticeship Fund") is a multiemployer employee benefit plan within the meaning of ERISA, 29 U.S.C. §§ 1002(37). Local 40 Pension Plan's principal place of business is located at 200 Midway Road, Suite 177, Cranston, RI 02920.

5. Plaintiff Valerie Campana ("Campana") is the Administrator of Local 40 Pension Fund, Local 40 Health Fund, Local 40 Annuity Fund, and Local 40 Apprenticeship Fund (collectively referred to as "the Funds").

6. Plaintiff Board of Trustees ("Trustees") are trustees and fiduciaries of the Funds.

7. Defendant Cherokee Construction, Inc. ("Cherokee") is a corporation organized under the laws of the State of Rhode Island. At all relevant times, Cherokee has been an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Cherokee's principal place of business is located at 1060C Toll Gate Road, Warwick, RI 02886.

8. This Court has subject matter jurisdiction pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e).

9. Venue is proper in this Court pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e) because this is the District in which the Funds are administered.

**Facts**

10.     The Funds were established to provide retirement, medical, and apprenticeship benefits to members of Plasterers' and Cement Masons' Local 40 ("Local 40" or "the Union") and their dependents.  Benefits are financed in part by employer contributions.

11.     The contribution rate is set by the collective bargaining agreements ("CBAs") between Local 40 and each signatory employer.  Pursuant to the CBAs, each signatory employer is required to submit contributions to the Funds based on the number of hours of covered employment worked by its employees.  Pursuant to the CBAs, each signatory employer is also required to submit dues to Local 40 based on the number of hours of covered employment worked by its employees.

12.     Defendant Cherokee was a signatory employer bound by a CBA with Local 40 at all relevant times.

13.     The rights and obligations of the Funds and the signatory employers are set forth in four Agreements and Declarations of Trusts ("the Trust Agreements").

14.     The Trustees duly adopted a Delinquency, Collection, and Audit Policy ("Delinquency Policy") within the scope of their authority.

15.     The Trust Agreements and the Funds' Delinquency Policy provide, in relevant part, that signatory employers shall timely submit contribution reports to the Funds, pay all required contributions, and permit audits of their records when requested by the Trustees.

16.     The Trust Agreements and the Delinquency Policy further provide that signatory employers that fail to meet these requirements shall be liable for liquidated damages, attorneys' fees, interest, audit costs, and all other costs.  Interest is assessed at a 12% annual rate.

Liquidated damages are equal to the greater of all interest owed or 20% of the unpaid contributions.

17. In or around November 2017, the Trustees engaged Campana, Sarza & Tatewosian, LLP ("the Auditor"), a certified public accountant firm, to examine the records of Cherokee.

18. Pursuant to the procedures established by the American Institute of Certified Public Accountants, the Auditor reconciled gross wages from employer earnings records and quarterly tax forms and compared such records to the hours reported on contribution reports and employee payroll records.

19. Upon completion of said procedures, the Auditor determined that there were 1288.5 unreported hours to the Funds for the year ended December 31, 2015; 1,407 unreported hours for the year ended December 31, 2016; and 3,682.5 hours for the nine-month period ended September 30, 2017.

20. Based on the above procedures, the Auditor determined that Cherokee owed the Funds and the Union $155,445.90 in unpaid contributions and dues, exclusive of interest, penalties, fees and costs.

21. Cherokee disputes, in part, the Auditor's findings.

22. Counsel for the Funds communicated with Cherokee throughout 2018 to resolve this matter without resort to legal proceedings.

23. By letter dated September 17, 2018, Counsel for the Funds requested records and information to support Cherokee's assertion that it does not owe $155,445.90 in unpaid contributions and dues, and further requested that undisputed contributions be paid.

24. Cherokee failed to respond.

25. Cherokee additionally failed to timely provide remittance reports for, and make contributions on, hours worked during the months of August and September, 2018.

26. Pursuant to the Delinquency Policy, Cherokee is required to remit these reports and contributions to the Fund Office, together with interest.

### Count I
*Delinquent Contributions*
*29 U.S.C. § 1132(a)(3)*

27. Plaintiffs repeat and incorporate each and every allegation in the preceding paragraphs of this Complaint as though fully set forth herein.

28. Defendant Cherokee failed to pay contributions, attorneys' fees, and interest to the Funds in accordance with the CBAs, the Trust Agreements, and the Delinquency Policy.

29. By the aforesaid acts and omissions, Defendant Cherokee failed to make contributions to a multiemployer plan in accordance with a collectively bargained agreement and in accordance with the terms of multiemployer plan, in violation of 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs pray that this Honorable Court award relief as hereinafter set forth.

### Prayer for Relief

Plaintiffs pray that this Honorable Court:

    a. Award the Funds the unpaid contributions and delinquent remittance reports;

    b. Award the Funds interest on the unpaid contributions;

    c. Award the Funds liquidated damages in an amount equal to the greater of:

        i. The interest on the unpaid contributions, or

        ii. 20% of the unpaid contributions

    d. Award the Funds attorneys' fees, audit costs, and all other costs; and

e. Award such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

**PLAINTIFFS,**

By their attorney,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq. (RI #6827)
GURSKY|WIENS Attorneys at Law, Ltd.
1130 Ten Rod Road, Suite C-207
North Kingstown, RI 02852
Tel: (401) 294-4700
Fax: (401) 294-4702
ewiens@rilaborlaw.com

*Certificate of Service*

I hereby certify that a copy of this document was filed electronically on November 8th 2018 and is available for viewing and downloading on the Court's electronic filing system.

/s/ Victoria Higgins